**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                    Case No.:      3:10-cr-17-J-34JRK

ANTHONY JEROME TERRY

_____/

**ORDER ON MOTION FOR COMPASSIONATE RELEASE**

  This case is before the Court on Defendant Anthony Jerome Terry's Letter Motion, which the Court construes as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 273, Letter Motion). Terry is a 44-year-old inmate incarcerated at Jesup FCI, serving a 198-month term of imprisonment for the possession of cocaine with intent to distribute and the possession of a firearm in relation to a drug trafficking crime. (Doc. 191, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on January 10, 2024. Terry seeks early release from prison because of the Covid-19 pandemic.

  After the Court ordered the government to respond to the Letter Motion, Terry filed a Motion to Clarify (Doc. 275, Motion to Clarify), in which he denies seeking compassionate release and insists that he only seeks release under the home confinement program. Terry states that he "does not qualify for regular compassionate release because he is not sixty years of age." Id. at 1. This statement suggests that Terry misunderstands the compassionate release statute and its policy statement, neither of which requires the movant to be at least 60 years old. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Nevertheless, in his Reply brief (Doc. 278, Reply), Terry reverts to arguing that he qualifies

1

for compassionate release because he suffers from anxiety and depression, because he has an "upper normal" or "above normal" heart condition, because he has a family history of diabetes and hypertension, and because he claims that Jesup FCI is unable to adequately protect inmates from Covid-19. See Reply at 1-6, 18, 22. The Court has also considered Terry's Addendum (Doc. 279) and Amended Motion for Compassionate Release (Doc. 280), in which he advises the Court about the rising number of Covid-19 cases at Jesup FCI.

The United States opposes the Letter Motion. (Doc. 276, Response). To the extent Terry seeks release to home confinement, the United States argues that the Attorney General has exclusive discretion to decide which inmates to place in the home confinement program. See id. at 11-13. To the extent Terry seeks compassionate release, the United States argues that Terry did not exhaust his administrative remedies, that Terry has not demonstrated extraordinary and compelling circumstances, that the BOP is taking significant measures to respond to the Covid-19 crisis, and that the § 3553(a) factors do not support a reduction in sentence. Id. at 1, 4-11, 13-14.

Insofar as Terry seeks release to home confinement, the Court cannot grant such relief. The Attorney General has exclusive jurisdiction to decide which prisoners to place in the home confinement program. See United States v. Alvarez, No. 19-cr-20343-BLOOM, 2020 WL 2572519, at *2 (S.D. Fla. May 21, 2020); United States v. Calderon, 801 F. App'x 730, 731-32 (11th Cir. 2020) (a district court lacks jurisdiction to grant a request for home confinement under the Second Chance Act). Thus, the Court lacks jurisdiction to second-guess the Attorney General's decision not to place Terry in home confinement.

2

To the extent Terry seeks compassionate release, that request is due to be denied.

As amended by the First Step Act, § 3582(c) provides in relevant part:

> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission's policy statement on compassionate release is set forth at U.S.S.G. § 1B1.13.[1] A movant for compassionate release bears the burden of proving that a reduction in sentence is warranted. United

---

[1] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> **(1)**     **(A)** Extraordinary and compelling reasons warrant the reduction; or
>         **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary defines "extraordinary and compelling reasons" to mean a defendant's medical condition, old age, certain family circumstances, or "other reasons" as determined by the Director of BOP, as set forth in § 1B1.13, cmt. 1.

3

States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate).

The government disputes whether Terry has exhausted his administrative remedies. For the sake of argument, the Court assumes that Terry has satisfied § 3582(c)(1)(A)'s exhaustion requirement. Nevertheless, Terry has not established "extraordinary and compelling" reasons for compassionate release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. As the Third Circuit Court of Appeals recently observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). In his Reply brief, Terry states that he has depression, anxiety, an "upper normal" or "above normal" heart condition, as well as a family history of diabetes and hypertension. Terry submitted a medical record that states his "[h]eart size is upper normal," (Doc. 278-1 at 1), but he otherwise fails to support his allegations. The lack of evidence matters because a movant under § 3582(c) bears the burden of proving he is eligible for relief. Heromin, 2019 WL 2411311, at *2; Hamilton, 715 F.3d at 337. But even assuming the truth of Terry's claims, these conditions do not qualify as extraordinary and compelling circumstances. The allegations do not establish that Terry suffers from a serious medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he … is not expected to recover." U.S.S.G. § 1B1.13, cmt. 1(A)(ii).

4

Terry urges the Court to interpret Application Note 1(D) of the compassionate release policy statement to allow the Court to grant a sentence reduction for reasons other than those enumerated in Application Notes 1(A) through 1(C). Reply at 14-15. The Court declines that invitation. Application Note 1(D) to § 1B1.13 provides that "other reasons" than those enumerated in the commentary may qualify as extraordinary and compelling circumstances, but these "other reasons" must be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. 1(D). By its own terms, this provision does not authorize the Court to invent new or additional "extraordinary and compelling reasons" for compassionate release.

Congress empowered the Sentencing Commission, not district courts, to "describe what should be considered extraordinary and compelling reasons for sentence reduction [under 18 U.S.C. § 3582(c)(1)(A)], including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). Nothing in the First Step Act of 2018 changed this delegation of power. The compassionate release statute further provides that any reduction in sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Given these clear statutory commands, the Court is bound by the relevant policy statement, U.S.S.G. § 1B1.13. See United States v. Maiello, 805 F.3d 992, 998 (11th Cir. 2015) ("In a section 3582(c)(2) proceeding, the Commission's policy statements are binding, and courts lack authority to disregard them." (citing Dillon v. United States, 560 U.S. 817, 825-28 (2010); United States v. Colon, 707 F.3d 1255, 1259-60 (11th Cir. 2013))); Stinson v. United States, 508 U.S. 36, 42 (1993) ("The principle that the Guidelines Manual is binding on federal courts applies as well to policy statements."). Likewise, the Court is also bound by

5

the policy statement's commentary. Stinson, 508 U.S. at 38. Nothing in § 3582(c)(1)(A) or the First Step Act contradicts the definition of "extraordinary and compelling reasons" set forth in U.S.S.G. § 1B1.13, cmt. 1. As such, the Court lacks the power to expand on the Sentencing Commission's definition of "extraordinary and compelling reasons." United States v. Winner, — F. Supp. 3d —, 2020 WL 2124594, at *2 (S.D. Ga. Apr. 24, 2020) (collecting cases); United States v. Lynn, Crim. No. 89-0072-WS, 2019 WL 3805349, at *2-4 (S.D. Ala. Aug. 13, 2019).

Finally, even if Terry had shown the existence of extraordinary and compelling circumstances, he still is not eligible for compassionate release because he is a danger to the public, and the sentencing factors under 18 U.S.C. § 3553(a) do not support early release. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13(2). Terry was convicted of two serious crimes: possession of cocaine with intent to distribute and possession of a firearm in relation to a drug trafficking crime. In addition, Terry was sentenced under the career offender guideline, U.S.S.G. § 4B1.1, because of his criminal history, which included prior convictions for lewd and lascivious battery and the sale of cocaine. Presentence Investigation Report (PSR) at ¶¶ 39, 55, 58. At the sentencing hearing, the Court reviewed the plea transcript from the lewd-and-lascivious battery conviction and observed that the 14-year-old victim reported being raped. (Doc. 221, Sentencing Transcript Vol. I at 37). According to the plea transcript, a medical evaluation corroborated the victim's claim and revealed that she suffered tears, lacerations, and abrasions near her genitalia. Id. The Court found those facts to be "consistent with a [forcible] sex act and with what we define as rape, not just the strict liability statutory rape." Id. The Court imposed a 198-month term of imprisonment because the offenses of conviction and Terry's criminal history were

6

serious enough that a lesser sentence would not have been sufficient to promote respect for the law, to provide just punishment, and to protect the public. Terry still has more than three years remaining on his sentence. In view of all the § 3553(a) factors, reducing Terry's sentence at this time would not be consistent with the statutory purposes of sentencing.

Accordingly, it is hereby **ORDERED**:

1. Defendant Anthony Jerome Terry's Letter Motion, construed as motion for compassionate release or home confinement (Doc. 273), and Amended Motion for Compassionate Release (Doc. 280) are **DENIED**.

2. Terry's Motion to Clarify (Doc. 275) is **GRANTED** to the extent that the Court has considered Terry's Letter Motion as a request for home confinement.

3. Terry's Motion for Summary Judgment (Doc. 277) is **DENIED**. The United States timely responded to Terry's Letter Motion, as instructed by the Court.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of July, 2020.

MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:
Counsel of record
Defendant

7