**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                          Case No.:   3:10-cr-17-MMH-JBT

ANTHONY JEROME TERRY

## ORDER

Defendant Anthony Jerome Terry moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 294, Renewed Motion for Compassionate Release or "Renewed Motion.") Terry is a 47-year-old inmate incarcerated at Manchester FCI, serving a 198-month term of imprisonment for the possession of cocaine with intent to distribute and the possession of a firearm in relation to a drug trafficking crime. (Doc. 191, Judgment.) According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on February 6, 2024.

Terry "presents only one reason that he avers should be considered by this Court as 'extraordinary and compelling': that being … the lack of a procedural avenue to [challenge the lawfulness of his sentence] under Borden v. United States, 141 S. Ct. 1817, 1825 (2021)." Renewed Motion at 3. In Borden, the Supreme Court held that a criminal offense is not a "violent felony" under the Armed Career Criminal Act's (ACCA's) "elements clause" "if it requires only a mens rea of recklessness—a less culpable mental state than purpose or

knowledge." 141 S. Ct. at 1821–22. Although Terry was not sentenced under the ACCA, his guidelines sentencing range was enhanced under the career offender provision, U.S.S.G. § 4B1.1, based partly on a prior conviction for a "crime of violence," and he argues that Borden applies equally to the definition of "crime of violence" found in § 4B1.2. See Renewed Motion at 3; see also Doc. 264 (First Step Act Memorandum and Presentence Investigation Report ["PSR"]) ¶ 39. But because of the interplay between Borden, 28 U.S.C. § 2255, and McCarthan v. Director—Goodwill Industries, Suncoast, Inc., 851 F.3d 1076 (11th Cir. 2017) (en banc), Terry says he has no avenue to obtain relief from his sentence—except to apply for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

A district court "may not modify a term of imprisonment once it has been imposed," except under certain circumstances defined by statute. 18 U.S.C. § 3582(c). One exception is § 3582(c)(1)(A), which provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be

2

inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[1]

"[B]y dint of § 3582(c)(1)(A)'s plain text, a district court may reduce a term of imprisonment if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and … (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." United States v. Tinker, 14 F.4th 1234, 1237 (11th Cir. 2021). "Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction." Id. at 1238.

A movant under § 3582(c)(1)(A) must prove that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021). "Because the statute speaks permissively and says that the district court 'may'

---

[1] Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248.

3

reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021).

Terry's sole reason for seeking a reduction in his sentence is that Borden allegedly renders his career offender sentence unlawful. However, this argument does not fit within any of the policy statement's definitions of "extraordinary and compelling reasons." § 1B1.13, cmt. 1. Because the Eleventh Circuit holds "that a district court cannot grant a motion for reduction if it would be inconsistent with the Commission's policy statement defining 'extraordinary and compelling reasons,'" Bryant, 996 F.3d at 1249, the alleged illegality of Terry's career offender sentence under Borden is not an "extraordinary and compelling reason" for a sentence reduction.

Terry argues that Bryant was abrogated by the Supreme Court's decision in Concepcion v. United States, 142 S. Ct. 2389 (2022), giving the Court broader discretion to identify "extraordinary and compelling reasons" for a sentence reduction. Renewed Motion at 2, 3–4, 6. Terry is mistaken. In Concepcion, the Supreme Court held "that the First Step Act allows district courts to consider intervening changes of law or fact in exercising their discretion to reduce a sentence pursuant to the First Step Act." 142 S. Ct. at 2404. Concepcion deals with motions to modify or reduce a sentence under Section 404 of the First Step Act (relating to the retroactive application of the revised penalties for crack

cocaine offenses under the Fair Sentencing Act of 2010), not motions under § 3582(c)(1)(A). See Concepcion, 142 S. Ct. at 2396. And Concepcion did not hold that an intervening change in law or fact may render a defendant eligible for relief under the First Step Act. Rather, Concepcion addressed only the type of information a district court may consider in deciding how to exercise its discretion to reduce the sentence of an otherwise eligible defendant. Put another way, Concepcion was about "how district courts exercise their 'discretion' in reducing defendants' sentences—not … their power to do so in the first place." United States v. Files, ––– F.4th –––, 2023 WL 2618687, at *9 (11th Cir. Mar. 24, 2023). In contrast, Bryant is about a district court's power to reduce a sentence in the first place. Thus, nothing in Concepcion affects the holding in Bryant that, to be eligible for a sentence reduction under § 3582(c)(1)(A), a defendant must satisfy one of the "extraordinary and compelling reasons" defined in U.S.S.G. § 1B1.13, cmt. 1. See Bryant, 996 F.3d at 1247, 1249.[2] Terry does not meet one of the circumstances outlined in the policy statement, so he is ineligible for a sentence reduction.

Because Terry has not established "extraordinary and compelling reasons" for a sentence reduction, the Court need not consider whether he is a danger to the public or whether the § 3553(a) factors weigh against a sentence

---

[2] Indeed, Concepcion itself cites § 3582(c)(1)(A) as a proceeding in which "Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements." 142 S. Ct. at 2401 (citing 18 U.S.C. § 3582(c)(1)(A)).

reduction. See Tinker, 14 F.4th at 1238 ("Because all three conditions—i.e., support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement—are necessary, the absence of even one would foreclose a sentence reduction.").

Accordingly, it is **ORDERED:**

1. Defendant Anthony Jerome Terry's Renewed Motion for Compassionate Release (Doc. 294) is **DENIED**.

2. Terry's request for the appointment of counsel (Doc. 294 at 2) is **DENIED** because it is not supported by the interests of justice. See United States v. Webb, 565 F.3d 789, 794–95 & n.4 (11th Cir. 2009).

3. Terry's "Motion to Request Legal Documents" (Doc. 299) and "Motion for request of Docket Sheet" (Doc. 301) are **GRANTED** to the following extent: the Clerk will send Terry a one-time courtesy copy of the Judgment (Doc. 191) and the docket sheet.

**DONE AND ORDERED** at Jacksonville, Florida this 6th day of April, 2023.

MARCIA MORALES HOWARD
United States District Judge

6

lc 19
<u>Copies to:</u>
Counsel of record
Pro Se Defendant

<u>Enclosed:</u>
Copy of Judgment (Doc. 191)
Docket Sheet, Case No. 3:10-cr-17-MMH-JBT